Charles Hamel, Los Angeles, Cal., for plaintiff.

Norman R. Williams, Beverly Hills, Cal., for defendants.

**Katherine TILLER, Plaintiff,**

v.

**Isabel AVILES and Javier Aviles, Defendants.**

**No. 80–04447 (AAH).**

United States District Court, C. D. California.

June 10, 1981.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, Chief Judge.

### FINDINGS OF FACT

1. That plaintiff is Black citizen of the United States and was a prior tenant of defendants, who are Mexican Americans, for a period between March of 1979 and January of 1981.

2. During the tenancy in issue, defendants raised plaintiff's rent which may or may not have been in violation of the local rent control ordinance.

3. At the time of defendants purchased the subject building in which plaintiff was a tenant, all tenants in the building were Black. However, currently the residents of

**730**

the building, with the exception of plaintiff's daughter are Mexican Americans.

4. Plaintiff, her daughter, who is a present tenant, and one former tenant testified that other than the raising of rent, each did not observe defendants to have committed an act which had the cause or effect of racial discrimination.

5. Plaintiff, her daughter, and two former tenants never observed defendants refuse to rent to any Black prospective tenant.

6. One former tenant, Mr. White, did believe that the change over of racial makeup from Black to Mexican American was an example of discrimination as well as the defendants' act in unlawfully removing him. However, Mr. White received compensation by way of a State Municipal Court Judgment for defendants' acts in removing him and the damages incurred therefrom.

7. Defendants utilized a Mexican oriented rental association with whom they could more easily communicate.

8. There is currently existing an inner city cultural transformation where Mexicans are moving into areas which were once predominantly Black areas.

9. Plaintiff left defendants' building voluntarily and has moved into a favorable location at a lower rent.

### CONCLUSIONS OF LAW

The defendants' acts of raising rent, which may or may not have been done unlawfully, in and of themselves do not amount to racial discrimination so as to give rise to a cause of action under 42 U.S.C. § 1983. Other state remedies are available for such an alleged wrong.

That even if there existed evidence of racial discrimination, plaintiff has shown no damages where she has moved into a more favorable location at lower rent.